IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quinton Jones, Sr., a/k/a Quinton Markquice Jones, Sr., <br><br> Plaintiff, <br><br> v. <br><br> Precision Tune Auto Care; Darrell Owens, <br><br> Defendants. | C/A No. 3:24-cv-1586-SAL <br><br> **ORDER** |

Plaintiff Quinton Jones, Sr. ("Plaintiff"), proceeding *pro se*, brings this civil action against Precision Tune Auto Care and Darrell Owens ("Defendants"). Plaintiff, a Tennessee resident, is suing Defendants, both South Carolina residents, over damage to the Plaintiff's truck totaling $21,734.12. [ECF No. 1.] This matter is before the court on a Report and Recommendation (the "Report") issued by United States Magistrate Judge Paige J. Gossett pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending that the court summarily dismiss Plaintiff's case without prejudice and without issuance and service of process due to the lack of subject matter jurisdiction. [ECF No. 9.] As explained in the Report, Plaintiff expressly invoked the court's diversity jurisdiction, but the amount in controversy requirement has not been met. Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 5. The Report issued on April 12, 2024, and Plaintiff was advised that his deadline to file objections was April 26, 2024. *Id.* Plaintiff has not filed objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

1

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Having thoroughly reviewed the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 9, and incorporates the Report by reference herein. The case is thus **SUMMARILY DISMISSED without prejudice and without issuance and service of process for lack of subject matter jurisdiction.**

**IT IS SO ORDERED.**

June 21, 2024                    Sherri A. Lydon
Columbia, South Carolina         United States District Judge